IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CLARENCE B. TOWNSEND and | ) | CASE NO. 05-33138-H3-13 |
| JULIA M. TOWNSEND, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on its Order to Show Cause
(Docket No. 6) directing the Debtors and Debtors' counsel to
appear and show cause why the instant Chapter 13 case should not
be dismissed.  The following are the Findings of Fact and
Conclusions of Law of the court.  A separate conforming Judgment
will entered.  To the extent any of the Findings of Fact are
considered Conclusions of Law, they are adopted as such.  To the
extent any of the Conclusions of Law are considered Findings of
Fact, they are adopted as such.

Findings of Fact

Clarence B. Townsend and Julia M. Townsend ("Debtors")
first filed a voluntary petition under Chapter 13 of the
Bankruptcy Code, in Case No. 02-31108-H5-13, on February 4, 2002.

In the first case, the court confirmed Debtors' Chapter
13 plan, providing for the payment of $7,691.64 in arrearages to
the holder of the mortgage on Debtors' homestead.  (Docket Nos.
37, 41, Case No. 02-31108-H5-13).

Mr. Townsend testified that he lost his job, and
Debtors were therefore unable to make the payments called for
under Debtors' plan in Case No. 02-31108-H5-13.  The first case
was dismissed, by order entered May 6, 2003 (Docket No. 59, Case
No. 02-31108-H5-13).

Thirteen days later, on May 19, 2003, Debtors filed a
second Chapter 13 case, in Case No. 03-37261-H4-13.  In the
second case, the court confirmed Debtors' Chapter 13 plan,
providing for the payment of $8,444.59 in arrearages to the
holder of the mortgage on Debtors' homestead.  (Docket Nos. 27,
32, Case No. 03-37261-H4-13).

Mr. Townsend testified that the company he was working
for closed its Houston office, and therefore he lost his job,
making Debtors again unable to make the payments called for under
their confirmed plan.  The second case was dismissed, by order
entered July 26, 2004.  (Docket No. 46, Case No. 03-37261-H4-13).

Four days later, on July 30, 2004, Debtors filed a
third Chapter 13 case, in Case No. 04-81353-G3-13.  In the third
case, Debtors proposed a plan which would have paid $13,500 in
arrearages, without interest, to the holder of the mortgage on
Debtors' homestead.  (Docket No. 10, Case No. 04-81353-G3-13).
The holder of the mortgage on Debtors' homestead objected to
confirmation of the plan, and filed a motion for relief from
stay, asserting that the amount of the arrearage was $18,496.43,

2

and that the proper interest rate was 10.7 percent.  (Docket Nos. 18, 20, Case No. 04-81353-G3-13).  The motion for relief from stay was granted, by order entered January 31, 2005 (Docket No. 33, Case No. 04-81353-G3-13).  The plan never reached a confirmation hearing.

Mr. Townsend testified that he traveled to West Africa in December, 2004, to attend his mother's funeral.  He testified that the United States closed its consulate during the time that he was there, such that although he intended to return to the United States in January, 2005, he was unable to return until the end of February, 2005.

On January 12, 2005, the Chapter 13 Trustee moved for dismissal of the third case, on grounds of, inter alia, failure to make the payments called for under the proposed plan.

Mr. Townsend testified that he was unable to make the payments, because he was in West Africa attending the funeral, and because he incurred additional expenses traveling to West Africa.  The third case was dismissed, by order entered February 4, 2005.  (Docket No. 36, Case No. 04-81353-G3-13).

Twenty-five days later, as soon as Mr. Townsend returned from West Africa, Debtors filed the instant case, their fourth successive case under Chapter 13 of the Bankruptcy Code. In the instant case, Debtors have proposed to pay $27,000 in arrearages, without interest, to the holder of the mortgage on

3

Debtors' homestead.  (Docket No. 10).

Mr. Townsend testified that he believes Debtors can make the payments called for under their proposed plan.  He testified that he is willing to have the payments made through a wage withholding order.  He testified that he has made the first payment called for under the plan to the Trustee, and has made the first regular monthly mortgage payment since the filing of the instant case.

Conclusions of Law

A Chapter 13 case may be dismissed for cause, including, inter alia, unreasonable delay by the debtor that is prejudicial to creditors or failure to commence timely plan payments.  11 U.S.C. § 1307(c).

Such cause includes filing a bankruptcy petition in bad faith.  See, e.g., Matter of Smith, 848 F.2d 813, 816 n. 3 (7th Cir. 1988); In re Molitor, 76 F.3d 218 (8th Cir. 1996).  The bad faith determination focuses on the totality of the circumstances, including: (1) whether the debtors have stated debts and expenses accurately; (2) whether Debtors have made any fraudulent representation to mislead the bankruptcy court; and (3) whether Debtors have unfairly manipulated the bankruptcy code.  In re Chaffin, 836 F.2d 215, 217 (5th Cir. 1988); Molitor, 76 F.3d, at 220, citing In re LeMaire, 898 F.2d 1346, 1349 (8th Cir. 1990)  See also, In re Gier, 986 F.2d 1326 (10th Cir. 1993).

4

The filing of a case under the Bankruptcy Code after filing one or more cases under the Code is not prohibited per se. Johnson v. Home State Bank, 111 S.Ct. 2150 (1991).  Although there is no per se rule against successive bankruptcy filings, such filings may be evidence of bad faith.  In re Stathatos, 163 B.R. 83 (N.D. Tex. 1993); In re Huerta, 137 B.R. 356, (Bankr. C.D. Cal. 1992).

In each of the four cases filed by Debtors, the arrearage amount owed to the mortgage company has continued to increase.  However, the mortgage company has remedies available to it, and has utilized those remedies on at least one occasion.

The testimony of Mr. Townsend was credible, and demonstrates a willingness of Debtors to proceed toward confirmation of the plan they have proposed, and to make an attempt, in good faith, to repay their debts.  The court concludes that Debtors should be afforded one last chance to successfully complete Chapter 13.  The court makes no determination at this time of whether the plan proposed by Debtors meets the standards for confirmation.  The court concludes that the Order to Show Cause (Docket No. 6) is satisfied.

Signed at Houston, Texas on June 7, 2005.

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE